# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—GENERAL

| Case No. | **CV 11-03985 DMG (FFMx)** | Date | May 18, 2011 |
|---|---|---|---|

| Title | ***GMAC Mortgage LLC v. Leonel Chinchila, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On October 15, 2010, Plaintiff GMAC Mortgage, LLC filed a complaint in Los Angeles County Superior Court for unlawful detainer against Defendants Leonel Chinchila aka Leonel Chinchilla, Hector Chinchilla aka Hector Cardenas, Axel Cardenas, Rocio Luna, Rosa Cardenas, and Doe defendants 1 through 100. Plaintiff seeks possession of real property and restitution for Defendants' use and occupancy of the property in the amount of $60 per day starting on September 29, 2010. (Compl. at 3.)

Defendants Leonel and Hector Chinchila removed the case to this Court on May 10, 2011, on the basis of federal question and diversity jurisdiction. The complaint, however, raises no federal question. Although Defendants invoke "federal law" as an apparent defense or counterclaim, federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). Moreover, the amount in controversy is well below the $75,000 jurisdictional threshold for diversity jurisdiction notwithstanding Defendants' conclusory and unsupported statement that the amount in controversy exceeds $95,000 (Notice of Removal at 2). The caption of the underlying state court complaint clearly states that the amount of damages sought by Plaintiff does not exceed $10,000.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

    Because Plaintiffs have not established a basis for removal jurisdiction on the face of their Notice and Application for Removal of State Court Action, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**